**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

**RENEA RICHARDSON, et. al.**,                           CASE NO.: 21-445
        *Plaintiffs*,

vs.

**UNITED STATES OF AMERICA,**
        *Defendant*.
_____/

**COMPLAINT**
**VIOLATION OF FEDERAL TORTS CLAIM ACT**

1. Plaintiffs, Benjamin Richardson, Renae Richardson and their minor children- B.R. N.R., and A.R, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, seeks compensatory damages arising from Defendant United States of America's (hereinafter "Defendant") negligence in failing to adhere to the prevailing professional standard of care which is generally recognized as acceptable and appropriate by reasonably prudent similar health care providers, as well as intentional torts asserted herein.

**Jurisdiction & Venue**

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the Defendant acting under color of federal law. This Court further has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b) in that this is a claim against the Defendant United States of America, for money damages, accruing on or after January 1, 1945, for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government while acting within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff.

3. Jurisdiction founded upon the federal law is proper in that this action is premised federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. § 2671, et. seq.

4. Pursuant to the FTCA, 28 U.S.C. § 2671, *et. seq.*, Plaintiffs, on or about February 21, 2019, presented their claim to the appropriate federal agency for administrative settlement under the FTCA requesting $1,000,000.00 or more. By letter dated August 28, 2020, Plaintiffs' claim was finally denied in writing by the Office of General Counsel, U.S. Department of Veterans Affairs and such denial was sent by certified or registered mail to the Plaintiff. (Claim # GCL 431606). This lawsuit was then timely filed.

5. This action is timely pursuant to 28 U.S.C. § 2401(b) in that it was presented to the appropriate federal agency within two years of accrual, and this action was filed within six months of receipt of the certified letter sent by the federal agency denying the claim.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as Defendant does business in this judicial district and the events or omissions giving rise to the claims occurred in this judicial district.

## Parties

7. Plaintiffs, Benjamin and Renea Richardson, are veterans of the U.S. Armed Forces and employees of the U.S. Department of Veterans Affairs (hereinafter referred to as "VA"), an agency of the Defendant., specifically the James A. Haley Veterans' Hospital located in Tampa, Florida.

8. At all times material to this action, Plaintiffs resided in Port Richey, Florida.

9. Defendant, United States of America, is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees of the Government, particularly VA Police and VA healthcare professionals, while acting within the course and scope of their

office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiffs, pursuant to the FTCA.

10. At all times material to this action, Defendant was responsible for the correct and prompt response to the health care needs of patrons in its custody.

within the course and scope of their office or employment, under the circumstances where the Defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

11. At all times material to this action, Plaintiffs were patrons or accompanying family members of the Defendant and subject to the care and treatment of the Defendant for medical evaluation and treatment.

12. At all times material to this action, if Renea Richardson required medical evaluation or treatment, her only avenue was to rely on the medical evaluation and treatment provided by the Defendant.

## Statement of Claim

14. At all times material to this action, Renea Richardson received care and treatment from the Defendant for service-connected post-traumatic stress disorder (PTSD) and post-partum depression following child birth.

15. On June 19, 2018, Renea Richardson met with her therapist to obtain medical approval to extend her employment medical leave.

16. Plaintiff's therapist informed her that she was not qualified or authorized to provide approval to extend her medical leave but that she would make the necessary coordination with the VA Hospital so that Plaintiff could be evaluated by the appropriate healthcare professional that day.

17. Plaintiff was informed by her therapist that the necessary coordination had been made with the VA Hospital to consult the appropriate healthcare professional and that she could visit the particular psychiatric doctor that day.

18. In accordance with her therapist's referral, Renae Richardson, accompanied by her husband and four minor children travelled to the VA Hospital.

19. Upon arrival, at or near 5:00p.m., Plaintiff checked in with the emergency desk attendant and informed her that she was referred by her therapist for an assessment to be conducted by a particular psychiatric doctor in relation to her request to extend employment medical leave.

20. After waiting approximately three hours without seeing a doctor, Plaintiffs decided to exit the facility and return home.

20. While exiting the facility, VA hospital staff informed Plaintiffs that Renea Richardson was not permitted to leave the premises.

22. Based on guidance from her therapist, Renea Richardson was under the impression that her sole purpose for travelling to the VA Hospital was to obtain a medical evaluation in connection with her request to extend her medical leave. Plaintiffs had no reason to believe that Renea Richardson's presence at the VA Hospital was involuntary.

23. As the Plaintiffs proceeded to exit the premises, VA Hospital staff followed, shouting commands towards the family to stop and return to the facility.

24. Plaintiffs requested that the VA Hospital staff produce supporting medical documentation reflecting that Renea Richardson's presence or treatment at the facility was anything other than voluntary. None was produced.

25. Plaintiffs proceeded to exit the facility, at which time VA Hospital staff notified VA Police.

26. Upon arrival, VA Police initiated an encounter with Plaintiffs which quickly escalated to a physical altercation. VA Police Officer brandished his firearm towards the Plaintiffs then proceeded to forcibly slam Benjamin Richardson to the ground as he was attempting to enter his vehicle while holding his minor child in his arms.

27.  As a result of being slammed to the ground by VA Police, Plaintiff Benjamin Richardson and his minor child sustained physical injury.

28. VA Police grabbed Plaintiff Renae Richardson by the arm and forcibly pull her from her vehicle. Afterwards, VA Police forcibly escorted Plaintiff Renea Richardson to the VA Hospital. She sustained physical injury as resulted of the altercation.

29. VA Police arrested Plaintiff Benjamin Richardson and he was transport to the local county jail.

30. VA Hospital staff confined Plaintiff Renea Richardson to the VA Hospital against her will and she was not released until the following day at approximately 3:45p.m constituting extreme and outrageous conduct by the Defendant.

31. The aforementioned events occurred in the presence of the Plaintiffs' minor children who temporarily displaced from their parents' care and custody by the Government constituting extreme and outrageous conduct by the Defendant.

32. Thereafter, a VA Hospital employee contacted the Child Protective Service's (CPS) Division of Pasco County, Florida, alleging a false claim of child abuse, stating that Plaintiff Richardson was a "danger to her minor children" and was "violent, impulsive, and could not control behavior,' or is acting "dangerously in ways that have seriously harmed the child," or "will likely seriously harm the child.

33. During the course of the CPS investigation, Plaintiffs' minor children underwent extensive and rigorous questioning by means of sequestration from their parents, causing further mental and emotional distress on the Plaintiffs and their children.

34. Ultimately, the CPS investigation was closed noting that Plaintiffs Benjamin and Renea Richardson both demonstrate enhanced protective caregiver capacities and no indications of inadequate supervision and no indications of physical injury to Plaintiffs' minor children.

35. With respect to VA Police Use of Force, Chief V. Cockrell and the Office of Security and Law enforcement conducted a review which determined that the Department Polices and Procedure we not correctly followed.

36. With respect to VA Hospital staff, healthcare providers did not comply with established facility policy regarding involuntary commitment pursuant to Florida's Baker Act law, primarily as it relates to conducting a mental health examination of Plaintiff Renea Richardson and disclosing to her the purpose of the examination.

37. As a result of the Defendant's actions, Plaintiffs suffered physical injury and ongoing mental and emotion distress.

38. Plaintiff Renea Richardson developed heightened anxiety which forced her to leave her job at the VA Hospital.

39. Plaintiff Benjamin Richardson was diagnosed with mental/emotional trauma and was given a disability rating from the VA.

40. Plaintfiffs minor children suffer ongoing anxiety and emotional distress.

WHEREFORE, Plaintiffs demand judgment against the Defendant, United States of America, as follows:

a. The sum of 1,000,000.00 or more;

b. Costs of suit;

c. Post-judgement interests;

d. Such other relief as the court may deem just and proper.

Respectfully submitted,

/s/ *Alexis F. Carter*

Alexis F. Carter, Jr., Esq.
Florida Bar No. 72998
Law Office of Alexis F. Carter, P.A.
1220 Commerce Park Drive, Ste. 203
Longwood, Florida 32779
(407) 951-7846
Primary: acarter@carterfirm.net
Secondary: office@carterfirm.net
*Attorney for Plaintiffs*

.